IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:19-CV-23372-KMW

ANDRES GOMEZ,

    Plaintiff,

vs.

M10 MOTORS, LLC,

    Defendant.

_____/

## M10 MOTORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

In response to the Complaint of Plaintiff Andres Gomez's ("Gomez"), Defendant M10 Motors, LLC ("M10") admits, denies and avers as follows:

### INTRODUCTION[1]

1. M10 denies the allegations in paragraph 1 of the Complaint except to admit that Gomez has brought an action against M10 attempting to allege violations of Title III of the Americans with Disabilities Act ("ADA").

2. M10 denies the allegations in paragraph 2 of the Complaint except to state that it lacks knowledge and information sufficient to form belief as to the truth of the allegation that Gomez is blind.

3. M10 lacks knowledge and information sufficient to form belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. M10 denies the allegations in paragraph 4 of the Complaint except to admit that it is a motor vehicle dealer with a physical location and has a website that shows vehicle inventory,

---

[1] Headings in this document are used as they appear in Plaintiff's Complaint, and are for organizational purposes only.

special sales on vehicles, parts and services, allows visitors to explore financing options, and allows visitors to explore values for trade-in vehicles.

5. M10 denies the allegations in paragraph 5 of the Complaint.

6. M10 denies the allegations in paragraph 6 of the Complaint except to state that it is without knowledge or information sufficient to form belief as to the truth of the allegation that blind and visually impaired consumers use screen reading software or other assistive technologies to access website content.

7. M10 denies the allegations in paragraph 7 of the Complaint.

8. M10 denies the allegations in paragraph 8 of the Complaint except to admit that it accurately quotes language from 42 U.S.C. § 12188(a)(2).

9. M10 denies the allegations in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. M10 admits that this Court has subject matter jurisdiction over this action.

11. M10 denies the allegations in paragraph 11 of the Complaint except to admit that it does business in this judicial district.

12. M10 admits that venue is proper in this judicial district.

## PARTIES

13. M10 lacks knowledge and information sufficient to form belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. M10 denies the allegations in paragraph 14 of the Complaint except to admit that it is a Florida limited liability company, that it owns and operates a motor vehicle dealership in Coral Gables, Florida, and that it has a website that is available to the public.

15.     M10 denies the allegations in paragraph 15 of the Complaint except to admit that both its physical location and its website enable members of the public, including individuals who are visually impaired, to review vehicle inventory, special sales on vehicles, parts and services, and to explore financing options and values for trade-in vehicles.

**FACTS**

16.     M10 denies the allegations in paragraph 16 of the Complaint except to admit that it has a website, www.infinitiofcoralgables.com, and that its website enables members of the public, including individuals who are visually impaired, to review vehicle inventory, special sales on vehicles, parts and services, and to explore financing options and values for trade-in vehicles.

17.     M10 lacks knowledge and information sufficient to form belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     M10 denies the allegations in paragraph 18 of the Complaint except to admit that W3C, has published WCAG 2.0 AA (Version 2.0 of the Web Content Accessibility Guidelines) which provides guidelines for making websites accessible to individuals with disabilities and compatible with screen reader software.

19.     M10 denies the allegations in paragraph 19 of the Complaint.

20.     M10 denies the allegations in paragraph 20 of the Complaint except to state that it lacks knowledge and information sufficient to form belief as to the truth of the allegation that Gomez uses screen reader software to access a website's content.

21.     M10 denies the allegations in paragraph 21 of the Complaint except to state that it lacks knowledge and information sufficient to form belief as to the truth of the allegations that

Gomez researches locations prior to visiting in person in order to learn about accessible routes and accommodations for disabled individuals in advance of an in-person visit.

22. M10 denies the allegations in paragraph 22 of the Complaint.

23. M10 denies the allegations in paragraph 23 of the Complaint.

24. M10 denies the allegations in paragraph 24 of the Complaint.

25. M10 denies the allegations in paragraph 25 of the Complaint.

26. M10 denies the allegations in paragraph 26 of the Complaint.

27. M10 denies the allegations in paragraph 27 of the Complaint.

28. M10 denies the allegations in paragraph 28 of the Complaint.

## CLASS ALLEGATIONS

29. M10 denies the allegations in paragraph 29 of the Complaint.

30. M10 denies the allegations in paragraph 30 of the Complaint.

31. M10 denies the allegations in paragraph 31 of the Complaint.

32. M10 denies the allegations in paragraph 32 of the Complaint.

33. M10 denies the allegations in paragraph 33 of the Complaint.

34. M10 denies the allegations in paragraph 34 of the Complaint.

## SUBSTANTIVE VIOLATIONS
## Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

35. In response to the paragraph 35 of the Complaint, M10 incorporates by reference the admissions, denials and averments of paragraphs 1 through 34 of this Answer.

36. M10 admits the allegations in paragraph 36 of the Complaint.

37. M10 denies the allegations in paragraph 37 of the Complaint except to admit that its physical location, located at 2701 S. Le Jeune Rd., Coral Gables, FL, is a public accommodation.

38. M10 admits the allegations in paragraph 38 of the Complaint.

39. M10 admits the allegations in paragraph 39 of the Complaint.

40. M10 admits the allegations in paragraph 40 of the Complaint.

41. M10 denies the allegations in paragraph 41 of the Complaint except to admit that it accurately quotes the cited statute and regulations.

42. M10 denies the allegations in paragraph 42 of the Complaint.

43. M10 denies the allegations in paragraph 43 of the Complaint.

Defendant denies any allegations contained in the *ad damnum* paragraphs (a-f) immediately following paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

44. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

45. Gomez lacks standing to bring the claims in the Complaint. Plaintiff is a tester without the actual intent to return to Defendant's website for a legitimate purpose other than testing Defendant's website. Plaintiff sought out Defendant's website not for the purpose of returning to gain access for a legitimate purpose or as a consumer, but rather as a tester.

### THIRD DEFENSE

46. Defendant states that the request for injunctive relief is moot because M10 Motors' website now meets the requirements of the ADA and should Plaintiff seek to use the website in the future, he will be able to navigate same and utilize the goods and services offered by the Defendant.

## FOURTH DEFENSE

47. Defendant states that because Plaintiff's claims are moot, this Court does not have subject matter jurisdiction over this matter and this case must be dismissed.

## FIFTH DEFENSE

48. Plaintiff is liable for attorney's fees under the prevailing party provision of the ADA should he continue to pursue this claim as Defendant's website is compliant.

**WHEREFORE**, having fully answered, Defendant M10 Motors, LLC prays that Plaintiff Andres Gomez's claims against it be dismissed with prejudice, that this Court not certify the class proposed by Gomez, and that M10 be awarded its costs and attorney's fees herein and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Lindsay M. Massillon*
Lindsay M. Massillon
Fla. Bar No. 92098
Email: lmassillon@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Local Counsel for M10 Motors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been electronically filed with the Clerk of Court and served via this Court's electronic filing system on this 4th day of November, 2019 upon the following:

Anthony J. Perez
Beverly Virues
GARCIA-MENOCAL & PEREZ, P.L.
4937 S.W. 74th Court
Miami, FL 33155
ajperez@lawgmp.com
bvirues@lawgmp.com

*Attorneys for Plaintiff*