**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 19-23372-CV-WILLIAMS/TORRES

ANDRES GOMEZ,

    Plaintiff,

v.

M10 MOTORS LLC

    Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE**

Before this Court is a Motion to Strike the five affirmative defenses asserted by Defendant M10 MOTORS, LLC ("Defendant") in its Answer to Plaintiff's Complaint. Having reviewed the Motion, filed by Plaintiff ANDRES GOMEZ on November 25, 2019 [D.E. 12], we hereby ORDER that it be **GRANTED in part** and **DENIED in part**.

## *I. BACKGROUND*

Plaintiff is a blind individual that filed his lawsuit against Defendant for offering and maintaining an internet website that is not fully accessible and independently usable by the visually-impaired. [D.E. 1, ¶ 2]. According to the Complaint, Plaintiff and other individuals suffering from visual impairments utilize special screen-reading software technology that allows each to browse a website's features. *Id*. at ¶ 6. Plaintiff alleges that Defendant's website is equipped with "digital

barriers" that limit the application of this screen-reading software in violation of the Americans with Disabilities Act ("ADA"). *Id*.

Defendant answered the Complaint on November 4, 2011, denying a majority of the allegations. [D.E. 11]. The Answer asserts five affirmative defenses in response to the Complaint, which read as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Gomez lacks standing to bring the claims in the Complaint. Plaintiff is a tester without the actual intent to return to Defendants' website for a legitimate purpose other than testing Defendant's website. Plaintiff sought out Defendant's website not for the purpose of returning to gain access for a legitimate purpose or as a consumer, but rather as a tester.

**THIRD DEFENSE**

Defendant states that the request for injunctive relief is moot because M10 Motors' website now meets the requirements of the ADA and should Plaintiff seek to use the website in the future, he will be able to navigate same and utilize the goods and services offered by the Defendant.

**FOURTH DEFENSE**

Defendant states that because Plaintiff's claims are moot, this Court does not have subject matter jurisdiction over this matter and [the] case must be dismissed.

**FIFTH DEFENSE**

Plaintiff is liable for attorney's fees under the prevailing party provision of the ADA should he continue to pursue this claim as Defendant's website is compliant.

[D.E. 11].

Plaintiff moved to strike the affirmative defenses as legally insufficient on November 25, 2019. [D.E. 12]. Defendant opposes the relief sought and to that end filed a Response on December 9, 2019. [D.E. 15]. Plaintiff's Reply followed on December 16, and the matter is now ripe for disposition.

## II.     LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure permits a party to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). The purpose of an affirmative defense is to give the opposing party notice of an issue to allow it to prepare to litigate the issue raised. *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (citing *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1998)). The striking of an affirmative defense upon a Rule 12 motion is considered to be a drastic remedy that courts generally disfavor. *Electronic Comm. Tech., LLC v. Clever Athletics Co., LLC*, 221 F. Supp. 3d 1366, 1367 (S.D. Fla. 2016).

There currently exists a split in authority as to whether affirmative defenses should be subject to the plausibility standard set forth and expounded upon by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). We are of the view that affirmative defenses must be held to the same pleading scrutiny imposed by Rule 8's "plausibility" standard, and routinely require that a party allege additional facts to support its

3

affirmative defenses. *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010); *see also Amerikooler, LLC v. Americooler, Inc.*, 2018 WL 6523503, at *1 (S.D. Fla. July 5, 2018) ("Indeed, several of our own recent decisions on the issue make clear our view that affirmative defenses must be held to the same pleading scrutiny imposed by Rule 8's plausibility standard."). Thus, affirmative defenses must articulate enough facts to raise a plausible right to relief on the assumption that the facts asserted in the affirmative defense are true, *Twombly*, 550 U.S. at 555-56, and "bare bones conclusory allegations" will be deemed insufficient. *Losada*, 296 F.R.D. at 690.

### III. ANALYSIS

We will strike the first affirmative defense, which states that the Complaint fails to state a claim upon which relief may be granted. This defense is "no more than a recitation of the standard for dismissal under Rule 12(b)(6)," which is legally insufficient. *Merrill Lynch Business Financial Servs., Inc. v. Performance Machine Systems U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (striking an affirmative defense that merely repeated the Rule 12(b)(6) standard); *Exworks Capital Fund I, L.P. v. TFS RT Inc.*, 2018 WL 7824273, at *2 (S.D. Fla. Sept. 26, 2018) (same).

We will also grant the Motion with regard to the second affirmative defense, related to Plaintiff's standing to bring this claim. Defendant contends that Plaintiff lacks standing because he is not a bona fide visitor of the website, but instead a "tester" that simply navigated to the site to determine whether or not it complied with

the ADA's provisions. The Eleventh Circuit has already ruled on this issue, stating that a plaintiff's "status as a tester does not deprive him or standing to maintain [a] civil action for injunctive relief under 42 U.S.C. § 12182(a), 12182(b)(2)(A)(iv), and 12188(a)(1) of the ADA's Title III." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013). As we stated above, an affirmative defense is one that *admits* to the Complaint, but nonetheless avoids liability. *Adams*, 294 F.R.D. at 671. The second affirmative defense fails to comply with the latter requirement because the Eleventh Circuit previously rejected this very argument in the past, and so the defense should be stricken.

We will deny the Motion as to the third and fourth affirmative defenses, which raise the issue of mootness. The defense is adequately pled, as it places Plaintiff on notice that Defendant intends to argue that the "digital barriers" allegedly blocking Plaintiff and other visually-impaired individuals from accessing the site have been removed, remedying the purported ADA violations. *See Hilson v. D'More Help, Inc.*, 2015 WL 5308713, at *3 (S.D. Fla. Sept. 11, 2015) (denying motion to strike affirmative defense asserting mootness that indicated a defendant intended to remove physical barriers that allegedly violated the ADA's provisions); *Schreiber v. Saul Holdings, L.P.*, 2011 WL 4633974, at *3 (denying motion to strike mootness affirmative defense in ADA action).

And we will strike the fifth affirmative "defense," even though it is a stretch to call it that. If Defendant believes it is entitled to attorney's fees as a result of Plaintiff's filing of suit and the continuing pursuit of litigation, it is free to request

5

such fees at a later juncture. But at this point, the demand for attorney's fees in the affirmative defense portion of its answer cannot be considered an admission to the complaint that nonetheless "avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams*, 294 F.R.D. at 671. Thus, Rule 12(f) relief is appropriate, and the defense must be removed.

### IV.   CONCLUSION

For the foregoing reasons, we hereby **ORDER** that Plaintiff's Motion to Strike be **GRANTED in part** and **DENIED in part**. The Motion to Strike Affirmative Defense Nos. 1, 2, and 5 is **GRANTED**; the request to strike Defense Nos. 3 and 4 is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of December, 2019.

> */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge